UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **Utaraa King,** *Plaintiff,* v. **Bilateral Credit Corp, LLC,** *Defendant.* | Case No: _____ <br><br> Ad Damnum: **$3,000 + Punitive Damages + Atty Fees & Costs** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT AND JURY TRIAL DEMAND**

COMES NOW the Plaintiff, **Utaraa King** ("**Ms. King**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Bilateral Credit Corp, LLC** ("**Bilateral**" or the "**Defendant**"), stating as follows:

**PRELIMINARY STATEMENT**

1. This is an action brought by Ms. King against Bilateral for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**"), the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("**FDCPA**"), and the *Florida Consumer Collection Practices Act*, Section 559.55, Florida Statutes, *et seq.* ("**FCCPA**").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, the FDCPA, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction for Ms. King's state law claims under the FCCPA pursuant to 28 U.S.C. § 1367.

4. Bilateral is subject to the provisions of the FCRA, the FDCPA, and the FCCPA, and to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes, and Fed. R. Civ. P. 4(k).

5. Venue is proper in the Middle District of Florida, pursuant to 28 U.S.C. §1391(b)(2), because the events giving rise to this cause of action occurred within this District.

## PARTIES
### Ms. King

6. **Ms. King** is a natural person residing in the City of Tampa, Hillsborough County, Florida.

7. Ms. King is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c), and the FDCPA, 15 U.S.C. § 1692a(3).

### Bilateral

8. **Bilateral** is a Delaware limited liability company with a primary business address of **1980 Pawtucket Avenue, Suite 2-1, East Providence, RI 02914**.

9. Bilateral is registered to conduct business in the State of Florida, where its registered agent is **Corporation Service Company**, **1201 Hays Street, Tallahassee, FL 32301**.

10. Bilateral is a *Debt Collector* within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and the FCCPA, Section 559.55(7), Florida Statutes, in that it uses an instrumentality of interstate commerce, including postal mail and the internet, for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. Bilateral is licensed as a *Consumer Collection Agency* ("**CCA**") by the Florida Office of Financial Regulation.

12. As a licensed CCA, Bilateral knows, or should know, the requirements of the FDCPA and the FCCPA.

## FACTUAL ALLEGATIONS

### The Alleged Debt

13. In or around July 2019, 4Imprint, Inc. ("**4Imprint**"), alleged that Ms. King owed it $329.14 (the "**Debt**" or "**alleged Debt**") for various custom-printed items.

14. Ms. King disputes owing the alleged Debt. Ms. King never placed any order with 4Imprint, nor did she receive any products, goods, or services from 4Imprint.

15. Nonetheless, the Debt *alleged* owed by Ms. King arose from goods and services which were primarily for family, personal, or household purposes, and it therefore meets the definition of *Debt* under the FDCPA, 15 U.S.C. §1692a(5), and the FCCPA, Section 559.55(6), Florida Statutes.

16. Sometime in August 2019, 4Imprint placed the Debt for collection with Bilateral.

17. Bilateral thereafter began reporting the Debt, monthly, to Trans Union, one of the three major *Consumer Credit Reporting Agencies* ("**CRAs**"). **SEE PLAINTIFF'S EXHIBIT A.**

### Ms. King's Disputes of the Debt

18. On June 21, 2021, Ms. King requested and obtained a copy of her consumer credit disclosure from Trans Union.

19. Ms. King was perplexed as she saw the unfamiliar Bilateral tradeline on her Trans Union credit report.

20. Shortly thereafter, Ms. King sent Bilateral a written dispute to its offices, explaining that she did not owe the Debt and that she retained undersigned

counsel to represent her concerning the Debt. Ms. King provided Bilateral with her attorney's name, firm name, and address, in bold print.

21. On or around June 28, 2021, Bilateral mailed a response letter directly to Ms. King, claiming the Debt was owed by her. **SEE PLAINTIFF'S EXHIBIT B.**

22. Bilateral made no attempt to contact Ms. King's attorney prior to initiating direct contact with her.

23. Neither Ms. King nor her attorneys consented to direct communication between her and Bilateral.

24. At no point did Ms. King's attorneys fail to return any calls, messages, or emails from Bilateral.

25. Bilateral's letter stated in part, "This is a communication from a debt collector. This letter is an attempt to collect a debt. Any information obtained will be used for that purpose." *Id.*

26. Included with the letter was an invoice from 4Imprint, which indicated goods being delivered to a Patty Shephard, 4765 Puritan Circle, Tampa, FL 33617. *Id.*

27. Ms. King did not authorize any person named Patty Shephard to bill charges to her, nor did she agree to pay 4Imprint for goods on behalf of Patty Shephard. Ms. King did not agree to be party to any such transaction nor was she even aware of such a transaction prior to being contacted by a debt collector.

28. Simultaneous to her dispute directly to Bilateral, Ms. King sent a dispute to Trans Union, contesting Bilateral's report of the account and stating to Trans Union that the order with 4Imprint was placed by someone other than her and that she had not authorized the Debt, nor was she aware of the Debt until being contacted by a debt collector.

29. Trans Union, upon receipt of Ms. King's dispute, sent Bilateral an *Automated Consumer Dispute Verification* Request ("**ACDV**") through an online platform known as e-OSCAR, asking Bilateral to make a reasonable investigation into the dispute.

30. Bilateral, in response to Ms. King's dispute, responded to the ACDV that the accuracy of the reported information was verified as accurate and required no update, modification, or deletion. **SEE PLAINTIFF'S EXHIBIT C.**

31. Bilateral failed to modify its report to indicate that the Debt was disputed. *Id.*

32. To report an account as "disputed by consumer," a data furnisher like Bilateral can ensure notice of dispute is included in its reporting simply by reporting a "compliance condition code" ("CCC"). For example, reporting a CCC of "XB" (shorthand for "consumer disputes account information") tells the CRAs to include notice of dispute in any reports sold containing the disputed data.

33. The failure to update a report to indicate that a debt is disputed can, in and of itself, violate the FCRA. *See Saunders v. Branch Banking and Trust Co. of VA*, 526 F.3d 142 (4th Cir. 2008).

34. Many consumer credit scores, including most versions of FICO, will disregard a collection tradeline if the "XB" compliance condition code is reported by the data furnisher.

35. Thus, Bilateral's failure to include notice of dispute in its report severely and adversely affected Ms. King's credit scores

36. Further, if a data furnisher like Bilateral decides to report disputed information as verified, "the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true." *Hinkle v. Midland Credit Management, Inc.*, 827 F.3d 1295 (11th Cir. 2016).

37. No evidence exists to support the conclusion that Bilateral's data was true. As such, Bilateral could not have possibly obtained any, much less sufficient evidence, to support that its report was accurate. Moreover, no evidence could have existed to support the notion that Ms. King did not dispute Bilateral's report.

38. Ms. King has hired the aforementioned law firm to represent her in this matter has assigned her right to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF THE FCRA

39. Ms. King adopts and incorporates paragraphs 1 – 38 as if fully stated herein.

40. Bilateral violated **15 U.S.C. § 1681s-2(b)** when it failed to update, modify, or correct its reports after receiving notice of dispute from Trans Union. Any reasonable investigation would have concluded that the purported 4Imprint debt could not be verified as accurate as it was not authorized by Ms. King, and likely resulted from someone else billing goods and services to Ms. King without her knowledge or consent. Bilateral did not so much as update its report to reflect that the Debt was "disputed."

41. Bilateral's conduct was willful and intentional, or alternately, was done with a reckless regard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Ms. King. Indeed, Bilateral was intentionally and actively trying to harm Ms. King, by holding her credit report hostage to ger her to pay a disputed debt she did not owe.

42. As a result of its conduct, Bilateral is liable to Ms. King pursuant to the FCRA for statutory damages of up to $1,000 for *each occurrence*, and other relief.

**WHEREFORE,** Ms. King respectfully requests this Honorable Court enter judgment against Bilateral for:

a. The greater of statutory damages of **$1,000.00** per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A) or Ms. King's actual damages and related economic and non-economic injuries pursuant to 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1);

b. Punitive damages for Bilateral's willful and intentional acts;

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and,

d. Such other relief that this Court deems just and proper

## COUNT II
## VIOLATIONS OF THE FDCPA

43. Ms. King adopts and incorporates paragraphs 1 – 38 as if fully stated herein.

44. Bilateral violated **15 U.S.C. § 1692c(2)** when it communicated directly with Ms. King, despite knowing she was represented by an attorney with respect to the alleged Debt, and without the consent of Ms. King or her attorney.

45. Bilateral violated **15 U.S.C. § 1692e and 1692e(10)** when it reported to Trans Union a collection account allegedly owed by Ms. King to 4Imprint, when Bilateral knew, or should have known, that the Debt was not authorized by Ms.

King. Bilateral then verified its reported information as "accurate" despite multiple disputes.

46. Bilateral violated **15 U.S.C. § 1692e(8)** when it reported to Trans Union a collection account allegedly owed by Ms. King to 4Imprint, and thus engaged in communication to a third party concerning the Debt. Bilateral knew, or should have known, that the Debt was not authorized by Ms. King. Bilateral then verified its reported information as "accurate" despite multiple disputes.

47. Bilateral's actions render it liable for the above-stated violations of the FDCPA, and Ms. King is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

48. Bilateral's actions caused Ms. King to suffer damages to her credit report and scores, as well as emotional distress in having to deal with an account damaging her credit for which she had no liability or knowledge.

**WHEREFORE,** Ms. King respectfully requests this Honorable Court enter judgment against Bilateral for:

    a.    Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    b.    Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

## COUNT III
## <u>VIOLATIONS OF THE FCCPA</u>

49. Ms. King adopts and incorporates paragraphs 1 – 38 as if fully stated herein.

50. Bilateral violated **Section 559.72(9), Florida Statutes**, when Bilateral asserted a debt was legitimate when it knew it was not.

51. Bilateral made its reports to Trans Union with malice, in an attempt to intentionally harm Ms. King – even after being informed specifically of Ms. King's disputes and possessing evidence that no goods or services were provided to Ms. King.

52. "Malice can be established by evidence showing the defendant made a false statement 'with knowledge that it was false or with reckless disregard of whether it was false or not.'" *Long v. Pendrick Capital Partners II, LLC*, Case No.: GJH-17-1955 (D. Md. Mar. 18, 2019) (quoting *New York Times v. Sullivan*, 376 U.S. 254, 270-80 (1964) ("A jury could conclude that (Defendant) acted with reckless disregard for the truth when it initially furnished data about the disputed Emcare debt to the CRAs and when it verified the debt more than once. Plaintiff put (Defendant) on notice that she was not responsible for the Emcare debt, yet (Defendant) reported the debt anyway.")

53. Bilateral violated **Section 559.72(18), Florida Statutes**, when Bilateral communicated directly with Ms. King, despite knowing she was represented by

an attorney with respect to the alleged Debt, and without the consent of Ms. King or her attorney.

54. As such, Bilateral is liable for the above-stated violations of the FCCPA, and Ms. King is thereby entitled to statutory damages not to exceed $1,000, plus costs and attorneys' fees.

**WHEREFORE,** Ms. King respectfully requests that this Honorable Court enter judgment against Bilateral for:

a. Statutory damages of $1,000 pursuant to Section 559.77(2), Florida Statutes;

b. Actual damages, including damages for loss of credit opportunities, damage to credit scores, and emotional distress pursuant to Section 559.77(2), Florida Statutes;

c. Injunctive relief prohibiting Bilateral from trying to collect the bogus debt from Ms. King;

d. Punitive damages pursuant to Section 559.77(2), Florida Statutes;

e. Reasonable costs and attorneys' fees pursuant to Section 559.77(2), Florida Statutes; and

f. Such other relief that this Court deems just and proper

## **DEMAND FOR JURY TRIAL**

Ms. King hereby demands a jury trial on all issues so triable.

Respectfully submitted on August 3, 2021, by:

**SERAPH LEGAL, P.A.**

/s/ *Brandon D. Morgan*
Brandon D. Morgan, Esq.
Florida Bar Number: 1015954
BMorgan@seraphlegal.com

/s/ *Thomas M. Bonan*
Thomas M. Bonan, Esq.
Florida Bar Number: 118103
TBonan@seraphlegal.com

1614 N 19th Street
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Attorneys for Plaintiff*

**EXHIBIT LIST**
A    Ms. King's Trans Union Consumer Disclosure, June 21, 2021 – Bilateral Tradeline, Excerpt
B    Bilateral's Response Letter to Ms. King's Written Dispute, June 28, 2021
C    Trans Union's Dispute Results to Ms. King, July 17, 2021